WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael R. Turney, | ) | No. CV-05-04031-PHX-SRB |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Elaine Chao, | ) | |
| Defendant. | ) | |

Pending before the Court are Defendant Secretary of Labor Elaine Chao's Motion to Dismiss (Doc. 9) and Motion to Strike (Doc. 24) as well as Plaintiff Michael Turney's Motion to Amend (Doc. 16).

**I.     BACKGROUND**

**A.     Stress Condition**

Pro se Plaintiff Michael R. Turney worked for the United States Department of Energy, Western Area Power Administration ("WAPA") as an electrician from March 1992 until his resignation on February 20, 1993. Plaintiff filed a claim with the Department of Labor ("DOL"), Office of Workers' Compensation Programs ("OWCP") for a work-related illness in February 1993, pursuant to the Federal Employees' Compensation Act ("FECA"). He received compensation from OWCP for the period from February 21 to September 15, 1993.

1   On November 17, 1995, Plaintiff filed a claim for continuing compensation for an
2   indefinite period beginning on November 26, 1995. Deeming it a "new injury" because the
3   medical records did not establish a causal connection between his current condition and his
4   prior condition, OWCP denied Plaintiff's claim on February 2, 1996, informing him that he
5   could file a claim for a new injury. Plaintiff requested review of the denial order on March
6   1, 1996 and filed a claim for the new injury on March 19, 1996. The claim was denied on
7   January 23, 1997 for a lack of evidence that the condition resulted from work. Plaintiff
8   requested reconsideration but OWCP denied this request on April 23, 1997. OWCP did not
9   address the March 1, 1996 request for review until February 4, 1998 when it reopened his
10  claim. When OWCP sent Plaintiff for a medical evaluation, the doctor determined that he
11  was totally disabled by severe depression and post traumatic stress disorder.

12  **B.   Leg Injury**

13  Beginning in July 1995, Plaintiff worked for the Department of the Army Corps of
14  Engineers. While working, Plaintiff injured his left leg on September 15, 1995. He filed for
15  worker's compensation with OWCP. Plaintiff ceased working on October 31, 1995 and was
16  terminated on January 6, 1996.

17  OWCP accepted his claim as work related and compensated Plaintiff for the period
18  of January 7, 1996 through June 14, 1996. On September 25, 1996, OWCP denied Plaintiff's
19  request for additional compensation but indicated that he might be eligible for medical care
20  for residuals of his injury. Plaintiff did not appeal this order but did request compensation
21  for residuals on January 13, 1997. OWCP denied his claim on November 6, 1998,
22  concluding that Plaintiff did not have any disability after September 16, 1996.

23  Plaintiff states that "the claim was awarded in December of 1999" but provides no
24  additional details. (Compl. at 10.) Plaintiff also states that the claim for the leg injury was
25  closed "sometime in 2002 for 'inactivity.'" (Compl. at 14.) Plaintiff alleges that he did not
26  receive any notice that his claim was closed until he submitted a bill for medical care,
27  relating to the leg injury, in late 2004. (Compl. at 22.) Although the Complaint is unclear
28  on this point, Plaintiff may have filed for an appeal of this closure in 2005. (Compl. at 22.)

## II. PROCEDURAL HISTORY

Plaintiff filed a Complaint, on August 14, 2001, in the U.S. District Court alleging a violation of his due process rights, bad faith, intentional infliction of emotional distress, and violation of the Privacy Act. The Defendant in that action was also Secretary of Labor Elaine Chao. The court dismissed each claim: the due process claim because there were no allegations that Plaintiff did not have notice or an opportunity to be heard, the bad faith claim based on the discretion granted to OWCP by FECA, the claim for intentional infliction of emotional distress because there was no extreme or outrageous conduct, and the Privacy Act claim because OWCP's disclosure of medical records from one physician to another was within the routine use exception permitted by FECA.

On December 12, 2005, Plaintiff filed this action pursuant to the Tucker Act, the Federal Tort Claims Act ("FTCA"), the Administrative Procedures Act ("APA"), the Privacy Act, the Fifth Amendment's Due Process Clause, and the Fourteenth Amendment's Equal Protection Clause, claiming that OWCP violated his rights when it terminated his workers' compensation claims. Plaintiff seeks money damages.

Defendant filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on March 13, 2006 (Doc. 9). On April 19, 2006, Plaintiff filed a document entitled "Complaint Additional Evidence" (Doc. 23) that included numerous attachments. On April 21, 2006, Defendant moved to strike Doc. 23 and its attachments because of Plaintiff's failure to comply with Local Rule 7.2. Additionally, Plaintiff filed a "Notice of Additional Evidence" with attachments on May 3, 2006 and another "Notice of Additional Evidence" on May 10, 2006.[1]

---

[1] The documents all purport to be notices of evidence regarding Plaintiff's claims. Although Defendant's Motion to Strike does not address these documents (as they were filed after the motion), all of the additional filings will be addressed in this Order.

## III. LEGAL STANDARDS AND ANALYSIS

### A. Motion to Strike

The Court may consider material outside the pleadings when considering a 12(b)(1) motion to dismiss. *Farr v. United States*, 990 F.2d 451, 454 (9th Cir. 1993) ("[I]t is proper for the district court to consider evidence outside of the pleadings for the purpose of deciding a jurisdictional issue."). Additionally, "[c]ourts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). *See also Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Despite Plaintiff's violation of Local Rule 7.2, the Court will exercise its discretion and consider, for purposes of Defendant's 12(b)(1) Motion, all documents submitted by Plaintiff. The Motion to Strike is denied.

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *See Bell v. Hood*, 327 U.S. 678, 682 (1946) (holding that a Rule 12(b)(6) motion "must be decided after and not before the court has assumed jurisdiction over the controversy"). Dismissing a case for lack of subject matter jurisdiction does not then prevent the plaintiff from pursuing a claim in the proper court. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

Federal courts are courts of limited jurisdiction, and it is presumed that the court lacks subject matter jurisdiction unless the party asserting the claim satisfies its burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

Sovereign immunity protects the United States and its agencies from lawsuits unless Congress has expressly waived sovereign immunity. *Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *N. Star Alaska v. United States,* 9 F.3d 1430, 1432 (9th Cir.1993) (en banc) (per curiam). Although Plaintiff brought his suit

against a government official[2], "any lawsuit against . . . an officer of the United States in his or her official capacity is considered an action against the United States." *Balser v. Dep't of Justice*, 327 F.3d 903, 906 (9th Cir. 2003). If the United States has not waived sovereign immunity with respect to a particular type of suit, federal courts are without subject matter jurisdiction to entertain that suit.

### 1. Federal Tort Claims Act

Plaintiff asserts that the FTCA, 28 U.S.C. § 1346(b)(1), constitutes a waiver of sovereign immunity.[3] However, the FTCA allows civil actions against the United States only if a private person would be liable under like circumstances. *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 650 (9th Cir. 1992) ("[T]he FTCA applies only if there is a 'persuasive analogy with private conduct.'"). In this case, Plaintiff identifies no cause of action under which a private person would be liable. In fact, "the United States simply has not rendered itself liable under § 1346(b)" for constitutional violations. *FDIC v. Meyer*, 510 U.S. at 478. *See Cato v. United States,* 70 F.3d 1103, 1111 (9th Cir. 1995). Thus, the FTCA does not serve as a waiver of sovereign immunity.

---

[2] Plaintiff's Motion to Amend requests that the Complaint be amended such that the Defendant is the United States Government in place of Elaine Chao, Secretary of Labor. This is a moot point as sovereign immunity precludes suit against either the United States government or a United States government official, absent an express Congressional waiver. Plaintiff's Motion to Amend is denied.

[3] Section 1346(b)(1) provides district courts with:
> exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

- 5 -

### 2. Tucker Act

Plaintiff also asserts jurisdiction under the Tucker Act, which waives sovereign immunity for damages actions against the government. *See* 28 U.S.C. § 1491 (2001). However, the Tucker Act does not confer jurisdiction on the district courts but rather provides for jurisdiction only in the Court of Federal Claims.[4]  28 U.S.C. § 1491(a)(1) (2001). *See also Transohio Savs. Bank v. Dir., Office of Thrift Supervision,* 967 F.2d 598, 606 (D.C. Cir.1992) (noting that, while the Tucker Act waives sovereign immunity for damages actions against the government, it provides for jurisdiction in the Claims Court). Thus, although the Tucker Act waives sovereign immunity, it does not confer jurisdiction on this Court.

### 3. Administrative Procedures Act

Plaintiff asserts that the APA, 5 U.S.C. § 702, constitutes a waiver of sovereign immunity. The APA waives sovereign immunity "only if three conditions are met: (1) [plaintiff's] claims are not for money damages, (2) an adequate remedy for [his] claims is not available elsewhere and (3) [his] claims do not seek relief expressly or impliedly forbidden by another statute." *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998). The Court need look no further than the first condition because Plaintiff exclusively seeks monetary damages. Thus, the APA does not waive sovereign immunity for this action.

---

[4] The Tucker Act provides, in relevant part:
> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

- 6 -

### 4. Due Process and Equal Protection

The Due Process Clause forbids the government from depriving individuals of life, liberty, or property without due process of law. U.S. Const. amend. V. The Equal Protection Clause forbids any state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Supreme Court has created a cause of action against federal officials, in their individual capacities, for violating constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395 (1971). Although Plaintiff does not delineate his lawsuit as a *Bivens* action, the Court will construe it as such.

Under *Bivens*, a federal official can only be sued in her personal capacity for money damages. *Id.* *See Daly-Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir.1987) ("[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity."). Suits against government officials in their personal capacity seek to impose personal liability for the official's actions, while official-capacity suits are merely another way of pleading an action against the government. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985).

The question is whether Plaintiff has filed this action against the Secretary in her personal or official capacity. From Plaintiff's pleadings and from the Motion to Amend, it is clear that he intended to sue the government rather than to impose personal liability on the Secretary of Labor. Plaintiff makes no allegations that Elaine Chao personally took any actions which violated his rights, but rather attributes his claims to "the Secretary of Labor's designated employees," (Def.'s Compl. 28) indicating that this suit was brought against the Secretary of Labor in an official capacity. This interpretation is further supported by the Motion to Amend, which attempts to substitute the United States government as Defendant in place of Elaine Chao. Because Plaintiff has brought suit against the Secretary of Labor in her official capacity, there can be no *Bivens* cause of action for a violation of Plaintiff's due process or equal protection rights. Absent any waiver of sovereign immunity, this Court

lacks subject matter jurisdiction to hear these claims against the Secretary of Labor in her official capacity or against the United States government.

### 5. Privacy Act

The Privacy Act prohibits, with certain exceptions, the disclosure by an agency of "any record which is contained within a system of records" without the prior written consent of the individual. 5 U.S.C. § 552a(b). The Privacy Act also provides that if an agency violates the Privacy Act, "the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection." 5 U.S.C. § 552a(g). Thus, sovereign immunity has been waived with respect to violations of the Privacy Act and the Court has subject matter jurisdiction over Plaintiff's Privacy Act claim.

### C. Motion to Dismiss for Failure to State a Claim

Because Defendant's jurisdictional attack is dispositive as to his claims arising under the Tucker Act, the FTCA, the APA, the Due Process Clause, and the Equal Protection Clause, the Court will not address those claims in this discussion. However, the Court will address Defendant's Rule 12(b)(6) motion in relation to Plaintiff's Privacy Act claim. A motion to dismiss for failure to state a claim should not be granted unless it appears that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Plaintiff claims that OWCP violated the Privacy Act by providing medical records about his work-related stress condition to the physician selected to examine his leg injury. This contention was litigated in the 2001 action, by Plaintiff against the same Defendant, in which the court dismissed Plaintiff's claim because his allegations fell within the routine use exception permitted in the handling of FECA claims.

A court may properly look beyond the complaint to matters of public record, such as Plaintiff's prior proceedings before the District Court, and doing so does not convert a Rule 12(b)(6) motion into one for summary judgment. *Mack v. S. Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986). "Under the doctrine of res judicata, a judgment on the

merits in a prior suit bars a second suit involving the same parties . . . based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n.5 (1979). As Plaintiff has already litigated this claim in the 2001 action against the same Defendant, the doctrine of res judicata bars the re-litigation of this Privacy Act claim.

**IV.   CONCLUSION**

Sovereign immunity has not been waived under the FTCA, the Tucker Act, or the APA. Plaintiff's due process and equal protection claims are not a valid *Bivens* action and thus are also barred by sovereign immunity. Plaintiff's Privacy Act claims were previously litigated and are thus barred by the doctrine of res judicata.

**IT IS ORDERED** denying the Motion to Strike (Doc. 24).

**IT IS FURTHER ORDERED** denying the Motion to Amend (Doc. 16).

**IT IS FURTHER ORDERED** granting the Motion to Dismiss (Doc. 9).

DATED this 21st day of July, 2006.

_____
Susan R. Bolton
United States District Judge